UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST PAYTON,

        Plaintiff,                Case No. 09-14288
                                                                  Honorable David M. Lawson

v.

SAGINAW COUNTY JAIL,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the defendant's motion for summary judgment. The defendant originally filed a motion to dismiss for failure to state a claim upon which relief can be granted, arguing that (1) Saginaw County Jail cannot be sued because it is not a legal entity; (2) even if the complaint is interpreted as a suit against the county, the plaintiff did not allege that a policy or custom of Saginaw County served as the driving force behind his injuries; (3) the plaintiff has not exhausted all available administrative remedies as required by the Prison Litigation Reform Act of 1996 (PLRA); and (4) the plaintiff has not alleged any actual injury. On February 28, 2011, the Court converted the defendant's motion to dismiss into a motion for summary judgment and provided the plaintiff an opportunity to respond. The plaintiff responded, but his response offered no legal argument that addressed the arguments raised by the defendant. Instead, the plaintiff summarily stated that he had complied with the PLRA and had stated a claim upon which relief could be granted. The Court finds that the defendant's arguments have merit and will grant the motion and dismiss the case.

I.

On October 30, 2009, *pro se* plaintiff Ernest Payton, currently incarcerated at Ojibway Correctional Facility, filed a complaint against Saginaw County Jail alleging violations of his First and Eighth Amendment rights. He asserts that his First Amendment rights have been violated because (1) he has been denied access to a law library; (2) he has no secure mail system for outgoing mail; (3) he does not have access to sufficient postage or paper envelopes to file a claim while indigent; (4) he has no administrative remedy or complaint process; (5) he is forced to use postage for all letters to the Court and his court-appointed attorney; (6) he is required to make local calls collect. He asserts that his rights under the Eighth Amendment have been violated by the following: (1) his breakfast and lunch are cooked, but served cold; (2) indigent inmates are denied access to hair, nail, and facial grooming equipment; (3) he has not been allowed outdoor recreation since his arrival; (4) he is "forced to reside in a dorm where inmates are in charge of inmates and subjected to whatever atrocities the inmate delivers"; (5) he has no access to meaningful healthcare; and (6) from September 18 to 20, 2009, he was forced to reside in approximately two inches of urine and feces in the Southeast Dorm because the sewage drains backed up. The plaintiff seeks an injunction against the jail, certification of his suit as a class action and appointment of counsel, and compensatory and punitive damages in excess of $50,000.

II.

The PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the

nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). "Exhaustion" under the PLRA means "proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), that is, "compliance with an agency's deadlines and other critical procedural rules . . . ." *Id.* at 90. The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). This affirmative defense may serve as a basis for dismissal only if properly raised and proven by the defendants. *Ibid.*

Since the Supreme Court decided *Jones v. Bock*, the Sixth Circuit has stated that courts ought not impose severe technical requirements on prisoners who comply with the spirit and purpose of the administrative exhaustion rules. "[I]t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (internal quotation marks and citation omitted).

The defendant in this case raised the failure-to-exhaust affirmative defense and advanced it as a ground for dismissal in its motion. Under Federal Rule of Civil Procedure 56 — the summary judgment rule — the party bringing the summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). If the party opposing the motion contends facts are in dispute, he may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat

the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the non-moving party, after sufficient opportunity for discovery, is unable to meet his burden of proof, summary judgment is clearly proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The defendant asserts that when the plaintiff was booked into the Saginaw County Jail, he was presented with an Inmate Guide that outlines the inmate grievance procedure. The plaintiff does not dispute that he in fact received the Inmate Guide. The Inmate Guide states, in part:

> A. A corrections officer will attempt to resolve all complaints or grievances from an inmate. The inmate **must** file the complaint or grievance within 7 days of the event.
>
> B. If the complaint cannot be resolved to the satisfaction of the inmate, the inmate will be advised to put the complaint in writing and forward it to the jail shift commander.
>
> C. If the shift commander cannot resolve the grievance complaint, the inmate will be advised to forward the complaint to the jail administrator.
>
> D. The jail administrator will review all pertinent information regarding the matter and make a final determination.

Def.'s Mot. for Summ. J., Ex. 1, Inmate Guide at 14 (emphasis in original). The Inmate Guide clearly sets out a three-step process through which all inmate grievances must proceed, with the last step being an appeal to the Saginaw County Jail Administrator.

The jail administrator keeps records and logs of all processed grievances that have been appealed through the final step. The current jail administrator has averred in an affidavit that she could not find a record of any grievance filed by the plaintiff in relation to any of the allegations in his complaint. Def.'s Mot. for Summ. J., Ex. 2, Lounsbury aff. ¶¶ 6-7. The plaintiff has provided

no proof to the contrary, beyond merely stating the conclusion that he complied with the PLRA. He has not furnished any affidavits, documents, or other evidentiary material from which a fact finder could conclude that the plaintiff made any effort to file a grievance or otherwise comply with the administrative procedures put in place by jail authorities. The plaintiff does not even argue that he actually submitted a grievance, much less furnish the date, contents, or name or title of the person to whom such a grievance might have been given. The plaintiff's unspecific conclusory statement does not create a material fact question on this essential point, and the undisputed *facts* in the record track the jail administrator's assertion that the plaintiff has failed properly to exhaust his administrative remedies.

### III.

The Court finds that the plaintiff has not raised a material fact question on the affirmative defense of failure to exhaust administrative remedies, and the defendant is entitled to summary judgment on that affirmative defense as a matter of law. Therefore, the Court will not address the merits of the defendant's remaining arguments.

Accordingly, it is **ORDERED** that the defendant's motion for summary judgment [dkt. #9] is **GRANTED IN PART**.

It is further **ORDERED** that the complaint [dkt. #1] is **DISMISSED WITHOUT PREJUDICE**.

            s/David M. Lawson  
            DAVID M. LAWSON  
            United States District Judge

Dated:  May 13, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 13, 2011.

                                        s/Deborah R. Tofil
                                        DEBORAH R. TOFIL